# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 25-0004V

| | |
|---|---|
| LINDA MARANTO, | Chief Special Master Corcoran |
| Petitioner, | Filed: June 17, 2025 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Jimmy A. Zgheib, Zgheib Sayad, P.C.,* White Plains, NY, for Petitioner.

*Naseem Kourosh,* U.S. Department of Justice, Washington, DC, for Respondent.

## **FINDINGS OF FACT**[1]

On January 3, 2025, Linda Maranto filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that that she suffered a shoulder injury related to vaccine administration ("SIRVA") caused by a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine received in her right deltoid on May 29, 2024. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

Respondent noted that the records in this case reflected a discrepancy as to the vaccination situs and requested a fact ruling (ECF No. 12). For the reasons discussed

---

[1] Because this Fact Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Fact Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

below, I find that more likely than not the Tdap vaccine was administered in Petitioner's right deltoid.

## I.     Authority

Pursuant to Vaccine Act Section 13(a)(1)(A), a petitioner must prove, by a preponderance of the evidence, the matters required in the petition by Vaccine Act Section 11(c)(1). A special master must consider, but is not bound by, any diagnosis, conclusion, judgment, test result, report, or summary concerning the nature, causation, and aggravation of petitioner's injury or illness that is contained in a medical record. Section 13(b)(1). "Medical records, in general, warrant consideration as trustworthy evidence. The records contain information supplied to or by health professionals to facilitate diagnosis and treatment of medical conditions. With proper treatment hanging in the balance, accuracy has an extra premium. These records are also generally contemporaneous to the medical events." *Cucuras v. Sec'y of Health & Human Servs.*, 993 F.2d 1525, 1528 (Fed. Cir. 1993).

Accordingly, where medical records are clear, consistent, and complete, they should be afforded substantial weight. *Lowrie v. Sec'y of Health & Human Servs.*, No. 03-1585V, 2005 WL 6117475, at *20 (Fed. Cl. Spec. Mstr. Dec. 12, 2005). However, this rule does not always apply. "Written records which are, themselves, inconsistent, should be accorded less deference than those which are internally consistent." *Murphy v. Sec'y of Health & Human Servs.*, No. 90-882V, 1991 WL 74931, *4 (Fed. Cl. Spec. Mstr. April 25, 1991), quoted with approval in decision denying review, 23 Cl. Ct. 726, 733 (1991), *aff'd per curiam*, 968 F.2d 1226 (Fed.Cir.1992)). And the Federal Circuit recently "reject[ed] as incorrect the presumption that medical records are accurate and complete as to all the patient's physical conditions." *Kirby v. Sec'y of Health & Human Servs.*, 997 F.3d 1378, 1383 (Fed. Cir. 2021).

The United States Court of Federal Claims has outlined four possible explanations for inconsistencies between contemporaneously created medical records and later testimony: (1) a person's failure to recount to the medical professional everything that happened during the relevant time period; (2) the medical professional's failure to document everything reported to her or him; (3) a person's faulty recollection of the events when presenting testimony; or (4) a person's purposeful recounting of symptoms that did not exist. *La Londe v. Sec'y of Health & Human Servs.*, 110 Fed. Cl. 184, 203-04 (2013), *aff'd*, 746 F.3d 1335 (Fed. Cir. 2014).

The Court has also said that medical records may be outweighed by testimony that is given later in time that is "consistent, clear, cogent, and compelling." *Camery v. Sec'y of Health & Human Servs.*, 42 Fed. Cl. 381, 391 (1998) (citing *Blutstein v. Sec'y of Health & Human Servs.*, No. 90-2808, 1998 WL 408611, at *5 (Fed. Cl. Spec. Mstr. June 30,

1998). The credibility of the individual offering such fact testimony must also be determined. *Andreu v. Sec'y of Health & Human Servs.*, 569 F.3d 1367, 1379 (Fed. Cir. 2009); *Bradley v. Sec'y of Health & Human Servs.*, 991 F.2d 1570, 1575 (Fed. Cir. 1993).

The special master is obligated to fully consider and compare the medical records, testimony, and all other "relevant and reliable evidence contained in the record." *La Londe*, 110 Fed. Cl. at 204 (citing Section 12(d)(3); Vaccine Rule 8); *see also Burns v. Sec'y of Health & Human Servs.*, 3 F.3d 415, 417 (Fed. Cir. 1993) (holding that it is within the special master's discretion to determine whether to afford greater weight to medical records or to other evidence, such as oral testimony surrounding the events in question that was given at a later date, provided that such determination is rational).

## II.     Finding of Fact

I make the findings after a complete review of the record to include all medical records, affidavits, expert reports, Respondent's Rule 4 report, and additional evidence filed. Specifically, I base the findings on the following evidence:

- The vaccine administration record documents that Petitioner received a Tdap vaccine in her *left* deltoid on May 29, 2024, during an emergency department ("ED") visit for a finger injury from a hedge trimmer (Ex. 4 at 11, 21, 29);

- At a June 7, 2024 primary care visit nine days later for removal of sutures from her finger, Petitioner reported "extreme pain in the right arm, which started the day after she received a tetanus injection at the hospital." Petitioner was diagnosed with a suspected vaccine reaction (Ex. 5 at 51, 55);

- During Petitioner's June 12, 2024 telephone call to her primary care provider, she complained of right arm and shoulder pain and limited range of motion from her vaccination (Ex. 5 at 31);

- At a July 3, 2024 orthopedic appointment, Petitioner reported that she had a vaccination a month prior and "[t]he next day had pain right shoulder" (Ex. 6 at 248);

- At Petitioner's July 22, 2024 physical therapy evaluation, she reported that "she received a Tetanus injection end of March[3] into her R arm [then] woke up the following morning with pain in her R arm" (Ex. 7 at 32); and

- Petitioner's affidavit asserts that she received the tetanus vaccine in her right shoulder, despite the record stating it was administered in her left shoulder, and

---

[3] I note that this record refers to a *March* – rather than May – tetanus vaccination, which may be a typographical error.

3

that she "would not have consented to a shot in [her] left arm" because she was at the ED for an injury to her left hand; adding that she "vividly remember[s] receiving this vaccine in [her] right shoulder due to [her] left-hand injury" (Ex. 3 at ¶ 3).

The above medical evidence and witness statement preponderantly establish that Petitioner's May 29, 2024 vaccine was likely administered in her right deltoid. Although the vaccination record states that the vaccine was placed in her left deltoid, *all* remaining evidence supports a right-side situs. Petitioner sought care promptly nine days after vaccination reporting *right* shoulder pain that started the day after vaccination. Thereafter, she consistently related her right shoulder pain to vaccination while seeking care from several health care providers. And Petitioner has credibly emphasized that she would not have agreed to receive a vaccine in her left arm because the reason for her ED visit was an injury to her *left* hand.

### III.    Scheduling Order

**Respondent shall file, by no later than <u>Thursday, July 17, 2025</u>, a status report indicating whether he is willing to engage in tentative discussions regarding settlement or proffer, is opposed to negotiating, or has not yet determined his position**.

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

4